IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC

    Plaintiff,

vs.

ORR INDUSTRIES, LLC.;
RENEE M. ORR;
TANNER DEAN ORR;
SUMMER MARIE ORR A/K/A
SUMMER MARIE MCLELAND;
SCOTT DEAN ORR;

    Defendants.
_____/

CASE NO.: 20-2746

## COMPLAINT

Plaintiff sues the Defendants as follows:

1. Plaintiff IOU is incorporated in Delaware, whose principal place of business is located in Georgia, which is a citizen of both states per 28 U.S.C. § 1332.

2. Defendants Renee Orr, Tanner Orr and Summer Orr [Debtors] are domiciled in and citizens of Florida per § 1332, the members of Orr Industries [Business] dissolved on 9/25/20 per the Florida Secretary of State.

3. Scott D. Orr [SDO] is domiciled in and a citizen of Florida, per § 1332 who is the spouse of Defendant Renee Orr.

4. Jurisdiction exists per §1332 as the parties are diverse and the sum in controversy exceeds $76,000.00, damages, fees and interest. ***Jones v. Landry***, 387 F.2d

102 (5th Cir. 1967), **Cohen v. Office**, 204 F.3d 10717 (11th Cir. 2000), **Groves v. Rogers**, 547 F.2d 900 (5th Cir. 1977), **Ryan v. State Farm**, 934 F.2d 276 (11th Cir. 1991), **Holley v. Credit**, 821 F.2d 1531 (11th Cir. 1987) **Waller v. Prof.**, 296 F.2d 547 (5th Cir. 1961). Jurisdiction exists on all claims. **Exxon v. Allapattah**, 545 U.S. 546 (2005).

5. Per Fla. Stat. § 48.193 *et seq* and the Constitution, jurisdiction exists, is proper and just for Defendants, who reside in and/or conduct business in Florida.

6. Under 28 U.S.C. § 1391 and § 89, venue is proper as a substantial part of the events or omissions giving rise to the claims occurred here, the properties at issue is located here, Defendants consented to, reside and conduct business here.

7. On 3/27/19, Debtor(s) submitted a Loan Application to IOU's office website, for a commercial loan [Loan] purportedly for Business, of which they claimed to be the sole owners, but for all Orr Defendants, of which they consented, benefitted and ratified.

8. On 3/27/19 [Closing Date] Debtor(s) executed a Promissory Note for the Business to IOU for a gross loan amount/principal of $240.187.50, at IOU's Georgia office website, in exchange for its Loan Funds, with a loan guaranty fee, confirming all information, consenting to its terms, of which all Defendants consented and ratified.

9. The Note is in default if (i) any amount due pursuant to it is not received by IOU when due (ii) Business breaches any warranty, representation, covenant, term or condition of it (iii) default under any guaranty agreement or instrument, now existing, after committed or made, provided to IOU to enhance the Loan's credit underwriting; any bankruptcy, insolvency or receivership proceeding is commenced by or against Business

and not dismissed within 30 days (iii) Business ceases to exist (iv) obtains another loan during the term of the Loan without IOU's prior written permission. [Note ¶ 6]

    10.    The Note includes a Security Agreement, by which Debtor(s) and Business, recipients of the Funds, were to encumber their property, proceeds and assets as collateral for the Loan, upon which IOU relied in approving the Loan, of which Defendants, consented, benefitted and ratified, which states:

> As security for the due and punctual payment of all amounts due or to become due and the performance of all obligations of Borrower from time to time under this Note and all extensions, renewals and amendments of any of the foregoing Borrower hereby pledges, transfers, assigns, conveys and grants a security interest to a continuing lien upon and security interest in and to all of Borrower's now owned or hereafter acquired, created or arising property including any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible, and in each case regardless of where such Property may be located and whether such Property may be in the possession of Borrower, Lender or a third party and shall include any right, title or interest in or to property of any kind whatsoever, whether real, personal or mixed, and whether tangible or intangible and (1) any and all amounts owing to Borrower now or in the future from any merchant processor(s) processing charges made by customers of Borrower via credit card or debit card transactions: (2) all other tangible and intangible personal property, including, but not limited to: (a) inventory, (b) equipment, (c) investment property, including certificated and uncertificated securities, securities accounts, security entitlements, commodity contracts and commodity accounts, (d) instruments, including promissory notes, (e) chattel paper, including tangible chattel paper and electronic chattel paper, (f) documents, (g) letter of credit rights, (h) accounts, including health care insurance receivables (i) deposit accounts, (j) general intangibles, including payment intangibles and software, and (k) as-extracted collateral as such terms may from time to time be defined in the UCC. The collateral includes all accessions, attachments, accessories, parts, supplies and replacements for the collateral, all products, proceeds and collections.  [Note ¶ 21]

11. The obligations of Business under the Note may only be assigned by IOU's consent. [Note ¶ 22] IOU provided no such consent to any Defendant or anyone else.

12. On or about the Closing Date, Debtor(s), Renee Orr, Summer Orr and Tanner Orr, executed Guaranty(s) at IOU's Georgia office website, guaranteeing the Note/Security Agreement, who received and personally benefitted from the Funds as did SDO of which they consented, benefitted and ratified as co-guarantors. [Note ¶ 12, Guaranty(s) ¶ 1-2]

13. Per the Guaranty(s), Debtor(s) granted and/or intended to grant the same security interest in their property, proceeds and assets as Business to guaranty the Note/Security Agreement, of which Defendants consented, benefitted and ratified.

14. The Guaranty(s) mandate enforcement as to Debtor(s) if Business defaults on its obligations under the Note and its obligations are not satisfied by Debtor(s), which are enforceable against Debtor(s), their successors and assigns, of which Defendants knew, consented, benefitted and ratified. [Guaranty(s) ¶1-3]

15. Per the Guaranty(s), Debtor(s) must provide all financial information for themselves and Business at the request of IOU which Defendants ratified. [Guaranty ¶ 6]

16. On the Closing Date, Debtor(s) executed a Debit Agreement with Business to IOU, authorizing Loan payments by their account to IOU, certifying its purpose and their account information, of which Defendants knew, consented, benefitted and ratified.

17. On the Closing Date, Debtor(s) and Business approved disbursement of the Funds, by IOU, of which Defendants consented, benefitted and ratified.

18. On the Closing Date, Debtor(s) and Business received the Funds by wire from IOU's account to theirs, of which Defendants consented, benefitted and ratified.

19. IOU intended for its Loan as a secured interest in all property, assets and proceeds of the Fund's recipients, Defendants, to be repaid the Funds and would not have otherwise advanced them per the Guaranty(s), Note and Agreements. [Instruments]

20. Debtor(s) and Business breached the Instruments just a few months after receipt of the Funds, which they never cured, failing to make payments, failing to provide financial information, dissolving Business, which IOU accelerated due to the default.

21. Debtor(s) and Business did not intend to or could not repay the Funds, which they did not disclose to IOU, who acted for each other and the other Defendants as to the Funds and the Loan of which Defendants knew, benefitted, consented and ratified.

22. Defendants are jointly and severally liable for the Loan and Instruments to which they consented and ratified, fulfilling of at least one of the below; who namely:

(a) Acted as agents for each other such as obtaining the Loan and the Funds of which they knew, benefitted, consented and ratified.

(b) Operate as or are a partnership, for their same, related business; the Business in which they share the benefits and liabilities including the Funds.

(c) Owned, operated and conducted Business, as their alter-ego, disregarding its entity, undercapitalizing it per their failure to repay the Loan with other debts and its 9/25/20 dissolution, misusing its corporate form as a conduit/instrumentality for personal

affairs, fraudulently obtaining the Funds and evading the Loan, which share and co-mingle assets, finances, ownership, and offices with their other businesses.

(d)     Business lacks an existence separate from Defendants, per their unified interest or ownership, a subterfuge to avoid IOU's debt, whose form should be justly disregarded and pierced, with full liability for damages/relief imposed upon them.

(e)     Defendants assumed or are liable for the debts/liabilities at issue, the Loan, Instruments and claims, who have a debtor-creditor relationship with IOU, including as successors and/or assigns of Debtors per the Instruments.

23.    IOU's Instruments attached to all property, assets and/or proceeds of Defendants, including but not limited to the following ones:

(a)     16224 Iola Woods Trail, Dade City FL 33525, Lot 10, Iola Woods, Parcel No. 15-24-20-0000-02400-0110, and 15-24-20-0000-2400-0100 titled to Tanner and Summer Orr, mentioned in the Guaranty(s), of which they invested, purchased or improved with the Funds, not subject to any valid homestead designation, which they purportedly sold on 7/6/20 by a illegally concealed deed, recorded at Book 10131, Page 3842;

(b)     12715 Eastpoint Drive, Dade City FL 332525, Lot 820 Lake Jovita Golf and Country, per plat recorded at Book 76, Pages 15-20 Pasco Records, Parcel No. 0625210090000008200, titled to Renee and Scott Orr per a deed recorded at Book 9825, Page 1589, mentioned in the Guaranty(s), of which they invested, purchased or improved with the Funds, not subject to any valid homestead designation.

(c)     103-855 Ocean Shore Boulevard, Ormond Beach FL 32176, Parcel Id: 420203001030, titled to Renee Orr per a deed recorded at Book 6574, Page 3977, of which she invested, purchased or improved with the Funds, not subject to a valid homestead.

(d)     Any UUC-1 recorded by IOU on the Loan, to which all other property, assets, proceeds and interests of Debtor(s) and Business are subject, such as one recorded on 9/30/19 by IOU, No. 201909787025 of which all Defendants had notice.

(e)     Any property, proceeds and assets secured by other loans of Defendants, which IOU's Loan satisfied, in whose shoes IOU now stands, which Defendants ratified.

(f)     Any Funds used to benefit any Defendant and their property, assets and proceeds, which are also subject to the Loan.

24.     Defendants did and/or conspired to make misrepresentations or material omissions to IOU, through Debtor(s), who negligently, knowingly misrepresented or failed to disclose to IOU the following, contrary to their representations to IOU that they would and could comply with the Instruments and satisfy the Loan:

(a)     They fraudulently induced IOU to close the Loan, which they did not intend to or could not perform, defaulting just months after closing the Loan, not disclosing they fraudulently stripped Business of its property, assets and proceeds, in which IOU had a secured interest, which the Orrs "transferred" to Mark Healy by a fraudulent 'assignment' dated 10/23/19, recorded 11/1/19, Pasco Book 9990, Page 3761, deliberately omitting any mention of IOU and its secured interest, of which all Defendants had notice.

(b) The fraudulent 'assignment' of the assets of Business by Defendants is void, omits any mention of IOU, is not binding upon and has no legal effect upon IOU, whose Loan is governed by Georgia law, which prohibits such an assignment, which never had notice of and never consented to the "assignment" of the assets of Business.

(c) Defendants illegally sold the property, assets and proceeds of Business, without notice or consent of IOU, which received nothing from that sale, even after receipt of repeated communications by the Orr Defendants from IOU on the defaulted Loan.

(d) Debtors lied about their alleged efforts to resolve the Loan default and alleged insolvency after the Closing to hinder, delay or defraud enforcement of the Loan.

(e) Defendants had Pasco County illegally seal nearly all real estate and court records involving the Orr Defendants and Business, of Summer and Tanner Orr, and of the illegal disposition of the property, assets and proceeds of Summer and Tanner Orr and of the Business, to hinder, delay or defraud creditors, such as IOU, which was fraudulently and illegally deprived of its loan collateral without due process.

(f) Defendants failed to disclose other debts of Business at the Closing Date, such as its agreement with Hatch Industries dated 2/13/19 for $87,112.80, , its agreement dated 7/27/18 with Dobbs Equipment for $16,279.07, all of which resulted in suits in Pasco County, its agreement dated 7/24/17 with United Rentals for over $140,000.00, its agreement with Global Rental dated 8/16/17 for $14,935.26

25. IOU justifiably relied on the misrepresentations or omissions of Debtors as honest and accurate throughout the Loan process and in the Instruments, inducing and

causing IOU to close the Loan and wire the Funds to them, which was damaged as a result of their misconduct which Defendants ratified.

26. IOU held and/or owned the Instruments and claims at issue [Claims] and had standing to enforce them before suit, their principal balance and/or value exceeding $76,000.00, with attorney's fees as provided by law and their terms.

27. Debtor(s) induced or encouraged IOU to confer the Funds on them per the Instruments, which they did not intend to satisfy or could not satisfy, of which Defendants benefitted, consented and ratified.

28. IOU provided the Funds to Business and Debtors and/or their agents, expecting repayment, which Defendants appreciated, benefitted, consented and ratified.

29. Defendants knew of, accepted and retained the Funds, which they did not reject, should return or compensate, are otherwise unjustly enriched by them at IOU's expense, retaining them, their property, assets and proceeds absent IOU's interest in them.

30. Defendants are indebted to IOU for the Funds, fees, costs and charges, of which their property, assets and proceeds are secured as collateral.

31. Defendants conspired to commit the misconduct per the corrupt agreements who are liable for each other's acts and omissions as partners, servants, agents, successors, assigns, as part of, within their relationship, who jointly benefitted and/or ratified them.

32. All conditions precedent to suit occurred, were fulfilled, waived and/or their occurrence and/or fulfillment was unnecessary and/or futile.

## COUNT I: DECLARATORY, EQUITABLE AND RELIEF AS TO ALL DEFENDANTS

33. ¶ 7-32 are incorporated.

34. Defendants are jointly liable for the Loan and Funds, whose property, assets and proceeds, such as the Properties or any property, assets and proceeds resulting from them, are subject to the Instruments, who seek to wrongfully evade the Loan.

35. The fraudulent and/or inequitable misconduct of Defendants requires reformation of the Instruments to include them, their property, assets and proceeds, who induced IOU to make the Loan, to which they are subject, but were all wrongfully omitted.

36. The fraudulent or inequitable misconduct of Defendants permits them to wrongfully retain the Funds and their property, assets and proceeds, absent IOU's intended secured interest in them, for which IOU has no adequate legal remedy.

37. The Instruments are intended to bind all recipients and beneficiaries of the Funds, Defendants, whose property, assets and proceeds are to secure the Loan, who knew of, consented to, benefitted from and ratified the Loan, receiving and retaining the Funds.

38. IOU stands in the shoes of prior satisfied loans per equitable doctrines of subrogation, contribution, exoneration and quia timet which IOU is entitled to invoke.

39. The Instruments are intended as and constitute a security interest/mortgage lien in all property, proceeds and assets of the Defendants, identified and described as collateral, of which they ratified, for which equitable relief will not prejudice them.

40. Per 28 U.S.C. § 2201, Fla. Stat. § 679.1011 *et seq*, § 697.01 *et seq*, § 65.011 *et seq*, and applicable law, IOU requests the Court declare, establish and reform its

Instruments to bind Defendants jointly for the Loan, as a security interest/mortgage lien in their property, assets and proceeds, per the Prior Loan(s) under subrogation, contribution, exoneration and quia timet; and grant all just relief.

### COUNT II: BREACH OF INSTRUMENTS AND RELATED RELIEF AS TO ALL DEFENDANTS

41. ¶ 7-32 and ¶ 40 are incorporated.

42. Defendants consented to, benefitted from and ratified the Instruments, accepting the Funds of which they are liable as co-guarantors and estopped from disputing.

43. Defendants breached the Instruments, failed to make payments and did not otherwise comply with their terms, which are now due.

44. IOU accelerated the principal balance of its defaulted Instruments of which Defendants were given notice and/or notice was not required and/or is futile and the Instruments provide for payment of IOU's attorney's fees and costs.

45. Defendants are notified IOU is entitled to enforce and invoke the fees provisions of the Instruments as to them and will be indebted for IOU's fees/costs, unless all principal, interest and charges due per them are paid in 10 days of service of this suit.

46. IOU demands judgment as to Defendants for damages under the Instruments in the principal sum of at least $76,000.00, fees, interest, costs and just relief.

## COUNT III: BREACH OF FIDUCIARY DUTY OF TRUST TO CREDITOR AND RELATED RELIEF AS TO ALL DEFENDANTS

47. ¶ 7-32 are incorporated.

48. Business is presumed insolvent, per its default on the Loan and other debts as they came due, which lacks assets with short term liquidity, its assets are less than its liabilities and lacks capital to support its operations per its above dissolution.

49. Debtor(s) rendered Business insolvent, incurring debt which it could not repay, incurring other debt and otherwise mismanaging its property, assets and proceeds.

50. Debtor(s) had fiduciary duties to creditors of Business, such as IOU, as its managers/officers, to conserve and manage its property, assets and proceeds in trust for the benefit of its creditors, such as IOU, after its insolvency, which they were not convert or give away, precluding collection of IOU's debt, to benefit themselves at IOU's expense.

51. Debtor(s) breached their fiduciary duties to IOU by knowingly misusing the property, assets and proceeds of Business after its insolvency to preferentially benefit their interests, dishonestly, in bad faith (a) paying themselves from them (b) misusing them for personal use such as with the fraudulent assignment (c) in violation of the Instruments, constituting (e) fraudulent transfers per Fla Stat § 726.105, to hinder, delay or defraud IOU in enforcing its Loan (d) constructively fraudulent transfers per Fla. Stat. § 725.106 (d) impairing IOU's security interest in the property, assets and proceeds of Business, left a shell incapable of satisfying the Loan, which was not satisfied.

52. Debtor(s) misconduct wrongfully precluded satisfaction of the Loan by Business, whose misuse of its property, assets and proceeds impaired IOU's security interest in them of which Defendants consented, benefitted and ratified.

53. Defendant SDO aided and abetted Debtor(s) breach of fiduciary duty, and misconduct, knowingly participating in their misconduct and misuse of the property, assets and proceeds of Business for his benefit, which he ratified and is liable.

54. The misconduct of Defendants was intentional, grossly negligent, wanting in care, with knowledge IOU would be harmed, in which they participated and ratified.

55. Per Fla. Stat. § 768.72 *et seq* and applicable law, IOU demands judgment as to Defendants for their misconduct, compensatory, consequential, special, nominal, punitive damages exceeding $76,000 and all just relief including its equitable remedies.

### COUNT IV: QUANTUM MERUIT/UNJUST ENRICHMENT AND RELATED RELIEF AS TO DEFENDANT SDO

56. ¶ 7-32 are incorporated.

57. Defendant SDO induced and/or encouraged IOU to confer the Funds upon him through Debtor(s), of which he benefitted, consented and ratified.

58. IOU provided the Funds to SDO, through Debtor(s), expecting their repayment, which he knew, benefitted, consented and ratified.

59. Defendant SDO knew of and accepted the Funds which should be repaid, who is otherwise unjustly enriched by them at IOU's expense.

60. Defendant SDO is indebted to IOU for the Funds, interest and costs.

61. IOU demands judgment as to Defendant SDO for the unpaid Funds, costs and just relief such as its equitable remedies.

## COUNT V: EQUITABLE LIEN/EQUITABLE MORTGAGE AND RELATED RELIEF AS TO DEFENDANTS

62. ¶ ¶ 7-32 and ¶ ¶ 48-53 are incorporated.

63. Defendants wrongfully induced IOU to provide the Funds, and close the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

64. Defendants knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who are unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

65. An equitable lien or mortgage to secure IOU's Loan is intended and implied on the property, assets and proceeds of Defendants, such as the Properties, subject to the Instruments, maintained and/or improved by the IOU's wrongfully obtained funds per their misconduct, which they are estopped from denying.

66. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose an equitable lien/mortgage on all property, assets and proceeds of Defendants for the Loan, relating back to its execution/origination and grant just relief.

## COUNT VI: CONSTRUCTIVE TRUST AND
## RELATED RELIEF AS TO ALL DEFENDANTS

67. ¶¶ 7-32 and ¶¶ 48-53 are incorporated.

68. The property, assets and proceeds of all recipients of the Funds, Defendants, were to secure the Loan, per the Instruments, of which they knew, benefitted, consented and ratified but wrongfully preclude its performance.

69. Defendants wrongfully induced IOU to provide the Funds, and enter into the Loan, without intending to satisfy it, satisfaction of which they wrongfully precluded.

70. Defendants knew of, accepted and retained the Funds as a secured debt in their property, assets and proceeds, who unjustly enriched absent IOU's intended secured interest in them for which IOU has no adequate remedy.

71. A constructive trust to satisfy the Instruments is implied on all property, assets and proceeds of Defendants, such as the Properties, subject to the Instruments, maintained and/or improved by the IOU's wrongfully obtained funds per their misconduct, which they are estopped from denying.

72. Per 28 U.S.C. § 2201 *et seq* and applicable law, IOU requests the Court declare and impose a constructive trust on all property, assets and proceeds of Defendants, securing the Instruments, retroactive to their execution, grant just relief.

## COUNT VII: FORECLOSURE AND RELATED RELIEF AS TO DEFENDANTS

73.     ¶ 7-32 are incorporated.

74.     Defendants breached Plaintiff's Instruments, failed to satisfy them or comply with them, a lien on their property, assets and proceeds, like the Properties.

75.     Per 28 U.S.C. § 2201, § 2001 *et seq*, Fla. Stat. § 86.011 *et seq*, § 65.011 *et seq*, § 701.01 *et seq*, § 45.011 *et seq* and applicable law, IOU requests the Court declare, establish and judicially foreclose its secured lien interest in all property, assets and proceeds of Defendants, such as the above Properties, their fixtures, appurtenances, rents, contents and insurance for the principal sum of its Note, interest, charges, expenses, costs and fees, taxes and abstracting, in which all other claims and interests are inferior, subordinate, barred, foreclosed, quieted to all right, title, interest and equity of redemption.

## COUNT VIII: POSSESSION AND RELATED RELIEF AS TO DEFENDANTS

76.     ¶ 7-32 are incorporated.

77.     Defendants and/or others occupy and possess their property, assets and proceeds, such as the Properties, to which Plaintiff or any purchaser at sale is entitled to post-sale possession and/or payments.

78.     Per Fed. R. Civ. P. 64, Fla. Stat § 66.011 *et seq* and applicable law, Plaintiff requests the Court award sole post-sale possession of the property, assets and proceeds of Defendants to it or any other purchaser at sale, including the Property and/or any other purchaser at sale, ejecting Defendants and/or any others.

79. The individual Defendants are not minor(s) adjudged incompetent; not in the military for the last 30 days, not subject to protection per 50 U.S.C. §3901.

Respectfully submitted this 20th day of November 2020.

> By: */s/Paul G. Wersant*
> Paul G. Wersant
> Florida Bar No. 48815
> 3245 Peachtree Parkway, Suite D-245
> Suwanee, Georgia 30024
> Telephone: (678) 894-5876
> Email: pwersant@gmail.com
> Attorney for Plaintiff IOU
> File No. 123719