IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

IOU CENTRAL, INC.
d/b/a IOU FINANCIAL, INC.,

                                          Case No.:    20-cv-002746-SCB-JJS

    Plaintiff,

v.

ORR INDUSTRIES, LLC.;
RENEE M. ORR;
TANNER DEAN ORR;
SUMMER MARIE ORR a/k/a
SUMMER MARIE MCLELAND;
SCOTT DEAN ORR;

    Defendants.
_____/

**<u>DEFENDANTS' MOTION TO DISMISS AMENDED COMPLAINT</u>**

COMES NOW the Defendants, ORR INDUSTRIES, LLC, RENEE M. ORR, TANNER DEAN ORR, and SCOTT DEAN ORR (the "Defendants"), by and through their undersigned counsel, and, pursuant to 12(b)(6), Federal Rules of Civil Procedure, hereby move to dismiss Plaintiff's, IOU CENTRAL, INC. (the "Plaintiff"), Amended Complaint (the "Motion"). In support of their Motion, Defendants state as follows:

**PROCEDURAL HISTORY**

1.      November 20, 2020 Plaintiff filed its Complaint (the "Complaint").

2.      January 5, 2021 Defendants filed their Motion to Dismiss Plaintiff's Complaint.

3.      January 20, 2021 Plaintiff filed its Amended Complaint against all Defendants (the "Amended Complaint").

4.      January 20, 2021 the Court issued an Endorsed Order denying as moot the Defendants' Motion to Dismiss the Complaint as the Amended Complaint had been filed.

5. Plaintiff's Amended Complaint alleges the following counts: (1) Declaratory, Equitable and Related Relief as to all Defendants; (2) Breach of Instruments as to all Defendants; (3) Breach of Fiduciary Duty of Trust to Creditor and Related Relief as to all Defendants; (4) Quantum Meriut/Unjust Enrichment and Related Relief as to Defendant SDO; (5) Equitable Lien/Equitable Mortgage and Related Relief as to all Defendants; (6) Constructive Trust and Related Relief as to all Defendants; (7) Foreclosure and Related Relief as to all Defendants; and (8) Possession and Related Relief as to all Defendants.

6. Defendants move to dismiss Plaintiff's Amended Complaint.

## MEMORANDUM OF LAW

**I.  Introduction.**

7. Plaintiff's Amended Complaint is no improvement of its original Complaint. As described below, Plaintiff's pleadings are shotgun in nature, fail to meet the requisite standards required by the Federal Rules of Civil Procedure, seek relief to which Plaintiff is not entitled, and are otherwise improper.

8. The issue presented in this matter is a simple breach of contract and nothing more. Plaintiff seeks to enforce a Promissory Note (the "Note") against the Borrower, Orr Industries (the "Borrower"), a Florida limited liability company, and a Personal Guaranty (the "Guaranty"), which Plaintiff alleges was signed by Defendant Renee Orr ("Renee Orr").

9. Despite the simple and straightforward nature of this case, Plaintiff has elected to pursue collection of the Note and Guaranty by asserting an array of baseless claims, including allegations of fraud, breach of fiduciary duty, and *quantum meriut*/unjust enrichment, which seek impermissible remedies of constructive trust, equitable lien, foreclosure, and possession. Plaintiff's Claims are without validity in either law or fact.

10. All claims, including Breach of the Note and Guaranty, are subject to dismissal for Plaintiff's failure to assert a valid claim for which relief can be granted. Fed. R. Civ. P. 12(b)(6).

**II.    Motion to Dismiss Standard.**

11. "To survive a motion to dismiss, a complaint must contain factual matters, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678. A plaintiff should allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's claims. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007).

12. Though detailed factual allegations are not required, Federal Rule of Civil Procedure 8(a) demands "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. As such, a plaintiff may not rely on "[t]hreadbare recitals of the elements of a cause of action, supported by a mere conclusory statement." *Id*. Rather, the well-plead allegations must nudge the claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. In assessing the sufficiency of a complaint, all reasonable inferences should be drawn in favor of the plaintiff. *Iqbal*, at 678.

**III.   Factual Background.**

13. Upon information and belief, on or about March 13, 2019, Defendant Summer Orr ("Summer Orr"), who was then President of Orr Industries, learned of the Plaintiff's lending services via the internet. Upon information and belief, Summer Orr then proceeded to secure a loan on behalf of Orr Industries, LLC. Orr Industries is identified as the Borrower in the Note. A true and correct copy of the Note and Guaranty are attached hereto as Composite Exhibit A.

14. Plaintiff allows for a completely online loan application and approval process. Amend. Compl. ¶¶ 7, 8, 12. Applicants simply fill out a few forms, give a minor amount of financial information, and Plaintiff renders a decision. Upon information and belief, Summer Orr applied for a loan of $90,000.00 but received an actual amount of $225,000.00. Borrower was subjected to an actual gross loan amount, after Plaintiff's fees were assessed, of $240,187.50 (the "Loan"). Ex. A. The total amount to be repaid after interest and fees was $283,149.06.

15. Plaintiffs have not and cannot successfully plead a relationship of trust and confidence premised on the Note and/or Guaranty to give rise to fiduciary duties.

16. With regard to the improper Defendant Scott Orr, Plaintiff relies on flimsy allegations that because Scott Orr is Renee's Orr husband, he is a party to the Note and Guaranty. Amend. Compl. ¶¶ 3, 10, 12, 14, 15, 19, 27, 31. 48, 66, 69-74, 76, 84. Plaintiff's assertions of claims against Scott Orr are baseless in law and fact. Plaintiff's broad and conclusory allegations, even if true, do not form the basis of a claim because a party is not liable on promissory note or guaranty simply by being aware of the note or guaranty.

17. Plaintiff is in the business of high-risk lending. The Loan can fairly be described as predatory. The repayment terms of the Loan require a weekly payment of $5,445.36 and a final payment of $5,435.70 for the term of one year. Ex. A. Plaintiff alleges, without facts or evidence, that Defendants never intended to repay the Loan. Amend. Compl. ¶ 21 ("Defendants did not intend to or could not perform the Loan at the time they obtained the Loan and instead planned to engage in the misconduct set forth here …").

18. What is a simple breach of contract action is, in the Plaintiff's eyes, a conspiracy of the highest order, a fraud, and a plan to dupe Plaintiff – predator – into the Loan. Upon

information and belief, what the actual case is that Summer Orr sought a smaller amount of credit and was duped into accepting the Loan by the predatory Plaintiff.

19. As set forth below all claims against Defendants should be dismissed.

## IV. Argument.

### A. Shotgun Pleading.

20. "The clear purpose of Rule 8, Federal Rules of Civil Procedure, is to give notice to the other party and not to formulate or fully summarize the facts involved." *Erickson v. Merck & Co.*, No. 5:17-cv-562-Oc-PRL, 2018 U.S. Dist. LEXIS 186190, at *13 (M.D. Fla. May 17, 2018) (quoting *Clausen & Sons, Inc. v. Theo. Hamm Brewing Co.*, 395 F.2d 388, 390 (8th Cir. 1968)). Impermissible shotgun pleading includes the lumping together of defendants in such a manner so as to not provide fair notice of the claims against them. *Erickson*, at *14; *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F. 2d 131, 1323 (11th Cir. 2015). A shotgun pleading asserts multiple claims against multiple defendants without specifying which of the defendants are responsible for the acts or omissions. *Id*, at *15.

21. Plaintiff's pleadings conjoin the Defendants in such a manner that it is impossible to determine to whom the alleged actors or omissions are directed. First, Plaintiff seeks Declaratory Relief that the Defendants are all jointly liable for the Loan. Amend. Compl. ¶¶ 46-53. Plaintiff then, assuming such long-shot relief will be granted, proceeds to plead as if the Defendants are a singular unit. All Counts thereafter are directed to all Defendants without individual delineation. Count II gathers the Defendants *en masse* as "co-guarantors and/or assignees or successors of Debtor(s) under the Guarantees" of the Loan. Amend. Compl. ¶ 55. Count II continues that the Defendants, as one, breached the Note. Amend. Compl. ¶ 56.

22.     Nothing could be further from the truth. The Note and Guaranty make clear that the Borrower is Orr Industries, LLC and the alleged Personal Guarantor is Renee Orr. Ex. A. Plaintiff improperly incorporates the Defendants to seek remedies to which it is not entitled.

23.     Further examples of the Plaintiff confusing and muddling the Defendants so as to deprive the individual Defendant of proper notice include:

   a. "On 3/13/19, Debtor(s) submitted a Loan Application to IOU's office website, for a commercial loan [Loan] purportedly for Business, of which they claimed to be the sole owners, but for all Defendants, of which they knew, consented, benefitted and ratified." Amend. Compl. ¶ 7.

   b. "Defendants did and/or conspired to make misrepresentations or material omissions to IOU, through Debtor(s), who negligently, knowingly misrepresented or failed to disclose to IOU the following contrary to their representation to IOU that they would could comply with the Instruments and satisfy the Loan." Amend. Compl. ¶ 24(a-f).

Plaintiff's Amended Complaint continues such incorrect pleadings at numerous paragraphs throughout. In Plaintiff's estimation, all Defendants speak and act as a singular unit completely indistinguishable from the other. Defendants are without knowledge as to who among them is being accused of what and when they purportedly performed such actions or omissions. The Amended Complaint should be dismissed as a shotgun pleading.

24.     Plaintiff's Amended Complaint incorporates all of its factual allegations into each of its Counts. Amend. Compl. ¶¶ 46, 54, 60, 69, 75, 82, 88, and 92. By adopting and realleging all its factual allegations into each count and not specifying which facts apply to each claim, Plaintiff's Counts contain factual allegations irrelevant to the individual Defendants and improper legal

conclusions. Consequently, Defendants are left to sort out for themselves the irrelevancies from the relevancies, if any, to determine which Defendant should assert which defenses to which Counts.

25.     Plaintiff's "kitchen sink" approach to pleading is an attempt to hold each Defendant liable for the alleged actions and omissions of each and every other Defendant and is a bewildering and inappropriate shotgun pleading. *Weiland*, 792 F.3d at 1321-1323. Plaintiff's failure to properly identify facts to causes of action creates confusion and deprives Defendants of proper notice. Therefore, Plaintiff has insufficiently plead its causes of action, has perpetuated a shotgun pleading, and all counts must be dismissed.

**B.      Plaintiff's Fraud Allegations are Improperly Plead and Without Basis in Law or Fact.**

26.     Plaintiff is attempting to weave straw into gold and transmute a simple breach of contract action into a case of grand conspiracy and fraud. Plaintiff is unable to support its claims of fraud, constructive trust, and remedies sought pursuant to fraud. Plaintiff fails to meet fraud's heightened pleading requirements as required by the Federal Rules of Civil Procedure.

*Failure to Plead with Particularity.*

27.     In alleging fraud, a party must state with particularity the circumstances constituting the fraud or mistake. Fed. R. Civ. P. 9(b). The Eleventh Circuit has explained particularity as follows, "a plaintiff [to] plead facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendant's allegedly fraudulent acts, when they occurred, and who engaged in them." *U.S. ex rel. Atkins v. McInteer*, 470 F.3d 1350, 1357 (11th Cir. 2006). In sum, plaintiff must identify (1) the allegedly fraudulent statement, document, representation, or omission made; (2) the time, place, and person responsible for each

misrepresentation; (3) the manner in which each misrepresentation misled the plaintiff; and (4) what the defendant gained from the fraud. *Erickson v. Merck & Co.*, No. 5:17-cv-532-Oc-30PRL, 2018 U.S. Dist. LEXIS 186190, at *23 (M.D. Fla. May 17, 2018).

28. Plaintiff does not make a single statement of specific fact of any kind articulating any conduct or omission by any Defendant as fraudulent. Plaintiff makes conclusory statements that the Defendants (again as one) "conspired to make misrepresentations or material omissions to IOU, through Debtor(s), who negligently, knowingly misrepresented or failed to disclose to IOU the following, contrary to their representations to IOU that they would and could comply with the Instruments and satisfy the Loan." Amend. Compl. ¶ 24 (a-f). Thereafter offering nothing other than the Plaintiff's baseless allegations that fraudulently induced IOU into the Loan and made an "illegal" assignment for the benefit of creditors. Amend. Compl. ¶¶ 24 (a-f).

29. Plaintiff's allegations speak only of the formation of the Contract, the breach thereof, and the assignment for the benefit of creditors, all of which, in Plaintiff's estimation, are fraudulent. Amend. Compl. ¶¶ 24 (a-f). Plaintiff makes no effort whatsoever to identify any specific, individual Defendants' alleged wrongful or fraudulent conduct, or when or where such conduct may have occurred, especially to support a claim of inducement into a contract. Fraud plead in this manner is not plead with particularity and must be dismissed.

### *Breach of Contract is not Fraud.*

30. Where a party is in contractual privity with another, to bring a valid tort claim, such as fraud, plaintiff must establish that the tort is independent of any breach of contract. *CMR Constr. & Roofing, LLC v. Orchards Condo Ass'n.*, No. 2:20-cv-422-FtM-29MRM, 2020 U.S. Dist. LEXIS 198036, at *7 (M.D. Fla. Oct. 26, 2020) (citing *Tiara Condo Ass'n, Inc. v. Marsh & McLennana Cos., Inc.*, 110 So. 3d 399, 404 (Fla. 2013)). Where the alleged fraud is inextricably

intertwined with the performance of a contract, there is no cognizable claim sounding in fraud. *S. Wind Aviation, LLC v. Cessna Aircraft Co.*, No. 6:12-cv-1376-ORL-22DAB, 2014 U.S. Dist. LEXIS 194299, at *6 (M.D. Fla. Jul. 15, 2014).

31. Plaintiff's fraud claims are inextricably bound with the performance of the contract. Plaintiff has not plead for fraud or other tort independent of the breach of contract. It is axiomatic that the defendant must have fraudulently induced the plaintiff into entering the agreement and that inducement must be a promise other than a pledge to perform the terms of the contract. *CMR Constr.*, at *8.

32. Plaintiff's sole allegation is that the Defendants (as one) fraudulently induced Plaintiff into closing the Loan. Amend. Compl. ¶¶ 21, 24(a), 77. "Defendant did not intend to or could not perform the Loan at the time they obtained the Loan," which is pleading breach of contract not fraud. Amend. Compl. ¶ 21. "They fraudulently induced IOU to close the Loan, which they did not intend to or could not perform"; another claim of breach of contract. Amend. Compl. ¶ 24(a). It is clear that all of the Plaintiff's fraud allegations are bound to the performance of the contract. Plaintiff has made no pleading whatsoever of an action or omission independent of the performance of the contract to support its specious claims of fraud.

33. Plaintiff's march through the badges of fraud, not included in the original Complaint, is nothing more than recitation of baseless accusations made without evidence or basis in an effort to bolster the failed fraud claims. Amend. Compl. ¶¶ 32-44.

34. Plaintiff's arguments rest solely in the alleged failure of Defendant to perform on the terms of the contract. Indeed, beyond seeking the remedies – not causes of action – of constructive trust, foreclosure, and possession, Plaintiff make no specific count for fraud in any form. Amend. Compl. Counts VI, VII, VIII. By failing to make a specific count for fraud, Plaintiff

is admitting that there is no fraud in this case but is attempting to turn a breach of contract into fraud so as to maximize the potential remedies. The fraud allegations and counts related thereto should be dismissed.

### *The Assignment for the Benefit of Creditors is not Fraudulent.*

35. Plaintiff takes another track on what is deems a fraudulent assignment for the benefit of creditors (the "Assignment"). Amend. Compl. ¶ 24 (a-f). The Assignment was made pursuant to Florida law. Plaintiff has plead no additional harm caused by the alleged fraudulent Assignment other than not receiving what it was due under the contract. Amend. Compl. ¶ 24 (c). Therefore, is the same argument that the Defendants (as one) entered into a contract and did not repay it; a breach of contract is not a fraud. *CMR Constr.*, at *8. Because Plaintiff cannot plead an injury distinct from the breach of contract, all Counts containing elements of fraud and allegations of the same must be dismissed.

36. Plaintiff's allegations that the Loan was deliberately excluded from the Assignment is specious. Amend. Compl. ¶ 24(b). Florida's Assignment for the Benefit of Creditors statute requires public notice be made specifically for the purpose of finding claims against the estate. Fla. Stat. § 727.111. The required notice was published in the *Tampa Bay Times*. *In re Orr Industries*, 19-CA-003618, Pasco County, Doc. 35. Plaintiff's failure to avail itself of the Assignment does not a fraud make.

### C. **Plaintiff's Claim for Declaratory Relief is Without Basis and Unnecessary.**

37. Plaintiff seeks a declaratory judgment to reform the Note and Guaranty to include all the Defendants as a singular unit. Amend. Compl. ¶ 54-59.

### *Declaratory Relief is Improper When the Events Giving Rise to Potential Liability Have Occurred.*

38. To be entitled to declaratory relief, a party must establish that (1) the plaintiff has a present bona fide need for a declaration; (2) that the plaintiff is in doubt as to his rights; (3) that all parties necessary to the resolution of these issues are presently before the court; and (4) that the plaintiff is not merely seeking legal advice but is rather seeking a resolution of his rights regarding a present controversy." *Santiago v. Nsi Ins. Group*, No. 05-22307-CIV-GOLD/TURNOFF, 2006 U.S. Dist. LEXIS 116153, at *25-26 (S.D. Fla. Jul 10, 2006). The primary objective of the Declaratory Judgment Act is to allow a party facing the threat of litigation an early adjudication of specific issues. *Santiago*, at *28. Therefore, declaratory relief is improper when the events giving rise to potential liability have already occurred. *Id*. In sum, the purpose of declaratory relief is to settle actual controversies before they ripen into violations of law or **breach of contract**. *Id.* (citing *Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949)) (**emphasis** added).

### *The Plaintiff is Not in Doubt as to it Rights.*

39. The Plaintiff is not in doubt as to its rights. Plaintiff states without basis that the Instruments "are intended to bind all recipients and beneficiaries of Funds." Amend. Compl. ¶¶ 10, 50. Plaintiff relies on a General Security Agreement contained within the Note. Amend. Compl. ¶ 10. The General Security Agreement by its plain language binds only the Borrower. Amend. Compl. ¶ 10; Ex. A ("As security for the due and punctual payment of all amount due or to become due and the performance of all obligations of Borrower from time to time under this Note … Borrower hereby pledges …"). The Note clearly defines the Borrower as Orr Industries, LLC. Ex. A. Therefore, only the Borrower, Orr Industries, LLC, should be liable under the Note. Similarly,

the Personal Guarantee names only Renee Orr. Ex. A. Therefore, Plaintiffs right are to bring suit pursuant to the Note and Guaranty as written not as to how it wishes they were written.

### *Declaratory Relief is Untimely.*

40. The factual history of this case has extended beyond the point where declaratory relief is appropriate. Plaintiff does not face a "threat" of litigation. Plaintiff is well aware of and has plead that a breach of contract and personal guaranty, which have allegedly occurred. Amend. Compl. ¶¶ 54-59. Therefore, the alleged breach has already happened, and Plaintiff faces no threat of litigation but rather instigated the litigation pursuant to the terms of the Note and Guaranty.

### *Declaratory Relief Cannot Duplicate an Already Existing Cause of Action.*

41. A trial court should not entertain an action for declaratory relief on issues which are properly raised in other counts of the pleadings already before the court through which the plaintiff will be able to secure full, adequate, and complete relief. *Tamiami Condo. Warehouse Plaza Ass'n v. Markel Am. Ins. Co.*, No. 19-cv-21289-SMITH/LOUIS, 2019 U.S. Dist. LEXIS 170750, at *5 (S.D. Fla. Oct. 2, 2019) (citing *Fernando Grindberg Tr. Success Int. Properties, LLC v. Scottsdale Ins. Co.*, No. 10-20448-CIV, 2010 U.S. Dist LEXIS 69229, at *1 (S.D. Fla. Jun. 21, 2010)).

42. Plaintiff's count for Declaratory Relief is duplicative of the breach of contract allegations because it seeks to impose the breach of contract allegations upon all the Defendants. Plaintiff erroneously claims that the Security Agreement contained within the Note allows for such relief of cojoining the Defendants as one. Amend. Compl. ¶ 10. Plaintiff fails to identify any accurate facts contained within the Note that would warrant the relief requested. Plaintiff's reading of the Security Agreement is inaccurate as it binds only the Borrower under the Note, who is Orr Industries, LLC and does not allow, even by the most strained reading, for reformation of the Note

to include additional parties. As such the count for Declaratory relief is merely a reiteration of the breach of contract claim.

### *Plaintiff has an Adequate Remedy at Law.*

43. Finally, Plaintiff wrongly states that is has no adequate remedy at law. Amend. Compl. ¶ 49. "When a traditional remedy is available and adequate, then a court may dismiss a claim for declaratory judgment based on those facts." *Santiago*, at *28. Plaintiff has an adequate and available remedy at law in the terms of attempting to enforce the Note and Guaranty.

44. Because the Plaintiff has no bona fide need for declaratory relief and has adequate remedies available to it at law, the count for Declaratory Judgment must be dismissed.

### D. **Plaintiff has Improperly Plead Breach of Instruments.**

45. Plaintiff's pleadings contained within in the breach of instruments count are exemplary of the shotgun nature of the Plaintiff's Amended Complaint. The allegations fail to distinguish which Defendant is alleged to have breached the Instruments. The Note is clear in that identifies a singular party as that who is responsible for the Note, the Borrower – Orr Industries, LLC. Ex. A. The Guaranty speaks only to Renee Orr. Ex. A. Therefore, the Breach of Instruments Count should be dismissed as it is without basis in law or fact.

### E. **Plaintiff has not and is Unable to Plead a Fiduciary Relationship.**

46. To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party. *SLM Fin. Corp. v. Castellano*, No. 2:11-cv-105-FtM-29SPC, 2012 U.S. Dis. LEXIS 29627, at *5 (M.D. Fla. Mar. 6, 2012) (quoting *Brighman v. Brigham*, 11 So. 3d 374, 387 (Fla. 3d DCA 2009). With respect to a lender-creditor relationship, Florida courts have recognized that "[g]enerally, the relationship between a bank and its borrower is that of a creditor

to a debtor, in which parties engage in arms-length transactions." *Id*. at *6 (citing *Capital Bank v. MVB, Inc.*, 644 So. 2d 515, 518 (Fla. 3d DCA 1994)). "In an arms-length transaction there is no duty imposed on either party to act for the benefit or protection of the other party, or to disclose facts that the other party could, by its own diligence have discovered." *Id*. (quoting *Watkins v. NCNB Nat'l Bank of Fla., N.A.*, 622 So. 2d 1063, 1065 (Fla. 3d DCA 1993)); *Webb v. Liberty Mortg.*, No. 12-cv-1677-CAP-ECS, 2012 U.S. Dist LEXIS 203239, at *19 (N.D. Ga. Dec. 20, 2012).

47. Plaintiff has not plead the existence of any relationship giving rise to a trust relationship that would establish fiduciary duties between any singular Defendant and Plaintiff. Plaintiff instead alleges that the Defendants (as one) breached their fiduciary duties by failing to conserve and maintain Defendants' property for the benefit of its creditors, "such as IOU [the Plaintiff]" Amend. Compl. ¶¶ 63, 64. Merely being a debtor to a creditor does not a fiduciary make. *Id*. *6.

48. Plaintiff wrongly assumes that there are fiduciary duties owed by the Defendants to Plaintiff. The Note and Guaranty are arm's length transactions as both parties are acting in their own best interest. Ex. A. The Note provides nothing that would create a fiduciary duty. Ex. A. Plaintiff cannot cite a contractual creation of a fiduciary duty otherwise arising and instead relies on specious and improperly plead allegations of fraud. Amend. Compl. ¶¶ 64, 65, 66, 67. Therefore, all counts related to the breach of the nonexistent fiduciary duties must fail as there is nothing to breach. The Counts for Breach of Fiduciary Duties and the corresponding Constructive Trust count/remedy must be dismissed as they are without basis in law or fact.

**F.      Plaintiff has not and is Unable to Allege That it Conferred a Direct Benefit on Scott Orr.**

49.      To state a claim for unjust enrichment, a plaintiff must allege that (1) the plaintiff conferred a benefit on the defendant, who had knowledge of the benefit; (2) the defendant voluntarily accepted and retained the benefit; and (3) under the circumstances it would be inequitable for the defendant to retain the benefit without paying for it. *Lenz v. Michaels Org., LLC*, No. 8:19-cv-2950-T-60AEL, 2020 U.S. Dist. LEXIS 19165, at *6-7 (M.D. Fla. Oct. 16, 2020); *Virgilio v. Ryland Group, Inc.*, 680 F.3d 1329, 1337 (11th Cir. 2012).

50.      Plaintiff alleges that Defendant Scott Orr ("Scott Orr") received a benefit from the plaintiff by virtue of being Renee Orr's spouse. Amend. Compl. 3. Plaintiff cannot allege with specificity that it conferred a benefit directly on Scott Orr as required for a claim of unjust enrichment. The Count must be dismissed.

51.      In a specious effort to bolster its unjust enrichment claim, Plaintiff has peppered Scott Orr's name throughout its Amended Complaint. Amend. Compl. ¶¶ 10, 12, 14, 15, 19, 27, 31, 48, 66, 77, 84. Plaintiff's attempts to incorporate Scott Orr into the Amended Complaint fails to provide any further allegation that Scott Orr received a direct benefit. Further, the additions of Scott Orr's name only confuses the Defendants all the more and enhances the shotgun nature of Plaintiff's pleadings.

**G.      Plaintiff's Counts for Remedies of Equitable Lien/Mortgage, Constructive Trust, Foreclosure, and Possession Must be Dismissed.**

52.      Plaintiffs Counts for the remedies of equitable lien/mortgage, constructive trust, foreclosure, and possession must be dismissed because they are pleadings of a shotgun nature, which do not provide notice to the individual, specific Defendants of what they will need to defend

against. Defendants should not be made to defend as one against remedies sought against individual Defendants and/or properties.

### V.     Conclusion.

53.     Plaintiff has failed to meet even the most basic of the necessities of a well-plead complaint. Plaintiff relies on a hodge-podge of "allegations" cobbled together and hurled at the Defendants as a singular unit without the required specific application to individual Defendants to allow for notice and defense. Plaintiffs fraud allegations are not only without credence but are also plead without the requisite specificity as to time, place, substance of the alleged fraud, and who among the Defendants actually perpetuated the "fraud." Plaintiff's claims for fraud are inextricably bound to the performance of the Note and Plaintiff has not plead sufficient distinctions to give rise to an individual tort and thus the remedies Counts premised on allegedly fraudulent acts should be dismissed. Plaintiff has failed to plead the existence of a fiduciary relationship and such it counts for breach of fiduciary duties must be dismissed. Plaintiff has not and cannot plead a direct benefit conferred upon Scott Orr to satisfy the elements of unjust enrichment as the relationship between Scott Orr and the Note is too tangential.

54.     For the reasoning, statutes, rules, and case law cited within, the Plaintiff's Amended Complaint must be dismissed.

WHEREFORE, Defendants respectfully request that this Honorable Court enter and Order dismissing the Plaintiff's Amended Complaint and for such other and further relief as this Court deems just and proper.

Dated the 1st day of February 2021.

                                            **Respectfully Submitted,**

                                            */s/     Jake C. Blanchard*
                                            Jake C. Blanchard, Esq.

Blanchard Law, PA
1501 Belcher Rd. S., Unit 6B
Largo, FL 33771
Tel: 727-531-7068
Fax: 727-535-2086
jake@jakeblanchardlaw.com
steve@jakeblanchardlaw.com
service@jakeblanchardlaw.com
Fla. Bar No.: 0055438
Defendants' Counsel
(except Summer Orr)

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 1st day of February 2021, a true and correct copy of the foregoing document was furnished to Paul G. Wersant, Esq., via the CM/ECF System, pwersant@gmail.com.

*/s/     Jake C. Blanchard*
Jake C. Blanchard, Esq.
Blanchard Law, PA